UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
DIVINE FREDERICKS,

                                        Plaintiff,                                          **ORDER**

                        – against –
                                                                                            No. 25-CV-6846 (CS)
A. DEMSCHICK, *et al.*,

                                        Defendants.
----------------------------------------------------------------------------x

Seibel, J.

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his right under the First Amendment to freely exercise his religion.

By order dated August 26, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 5.)  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

On September 2, 2025, the Court directed the U.S. Marshals Service to effect service on Defendants.  (ECF No. 7.)  On December 11, 2025, service on Defendant "D. Infantino" was returned unexecuted because Defendant Infantino no longer works at Green Haven, where

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

service had been attempted.  (ECF No. 13.)  The Marshals Service process receipt stated that Defendant Infantino had retired.  (*Id.*)  On December 12, 2025, the Court ordered the Attorney General of the State of New York, who is the attorney for and agent of the Department of Corrections and Community Supervision ("DOCCS"), to ascertain the full name and service address for Defendant Infantino and provide it to Plaintiff and the Court within 60 days.  (ECF No. 17.)  On February 9, 2026, the Attorney General filed a letter informing the Court that Defendant Infantino's full name is Daniel Infantino and that he can be served at DOCCS's Counsel's Office.  (ECF No. 19.)  The Court then ordered the Marshals Service to serve Defendant Infantino at DOCCS's Counsel's Office.  (ECF No. 20.)  On April 7, 2026, service at DOCCS's Counsel's Office, however, was returned unexecuted, and the Marshals Service process receipt stated that "DOCCS stated that this employee received a promotion and this needs to be served at Green Haven Correctional Facility."  (ECF No. 23.)

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining a defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997).  It is therefore ordered – again – that the Attorney General must ascertain the service address for Defendant Infantino – this time an address where he can actually be served – and provide it to Plaintiff and the Court within 30 days of the date of this order.  Once the Court has received this information, it will issue an order directing service on Defendant Infantino at the proper address.

**SO ORDERED.**

Dated:  April 10, 2026
      White Plains, New York

_____
  CATHY SEIBEL, U.S.D.J.

2