UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DIVINE FREDERICKS,

                            Plaintiff,

      – against –

A. DEMSCHICK, *et al.*,

                           Defendants.
------------------------------------------------------------------------x

**ORDER**

No. 25-CV-6846 (CS)

Seibel, J.

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his right under the First Amendment to freely exercise his religion.

By order dated August 26, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 5.) Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court obtained proper service information for Defendant Infantino. The Court therefore extends the time to serve until 90 days after the date the updated summons issues.

On September 2, 2025, the Court directed the U.S. Marshals Service to effect service on Defendants. (ECF No. 7.) On December 11, 2025, service on Defendant "D. Infantino" was returned unexecuted because Defendant Infantino no longer works at Green Haven, where service had been attempted. (ECF No. 13.) The Marshals Service process receipt stated that Defendant Infantino had retired. (*Id.*) On December 12, 2025, the Court ordered the Attorney General of the State of New York, who is the attorney for and agent of the Department of Corrections and Community Supervision ("DOCCS"), to ascertain the full name and service address for Defendant Infantino and provide it to Plaintiff and the Court within 60 days. (ECF No. 17.) On February 9, 2026, the Attorney General filed a letter informing the Court that Defendant Infantino's full name is Daniel Infantino and that he can be served at DOCCS's Counsel's Office. (ECF No. 19.) The Court then ordered the Marshals Service to serve Daniel Infantino at DOCCS's Counsel's Office. (ECF No. 20.)

On April 7, 2026, service at DOCCS's Counsel's Office was returned unexecuted, and the Marshals Service process receipt stated that "DOCCS stated that this employee received a promotion and this needs to be served at Green Haven Correctional Facility." (ECF No. 23.) On April 10, 2026, the Court ordered the Attorney General to ascertain the proper service address for Defendant Infantino and provide it to Plaintiff and the Court within 30 days. (ECF No. 24.) On May 6, 2026, an Assistant Attorney General informed the Court that he had spoken with individuals at DOCCS's Counsel's Office and confirmed that Defendant Infantino is a former DOCCSS employee and can be served at DOCCS's Counsel's Office. (ECF No. 25.) In that letter, Defendant Infantino was identified as David Infantino, not Daniel Infantino. (*Id.*) On May 8, 2026, the Attorney General clarified that David is Defendant Infantino's first name. (ECF No. 27.)

To allow Plaintiff to effect service on Defendant David Infantino through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant David Infantino.  The Clerk of Court is further instructed to issue a summons for David Infantino and to deliver to the Marshals Service all paperwork necessary for the Marshals Service to effect service upon him.  The Clerk of Court should also attach to the USM-285 form copies of the Attorney General's letters, found at ECF Nos. 25 and 27, for the Marshals Service to bring when serving – in case DOCCS were to decline service again.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

## CONCLUSION

The Clerk of Court is respectfully directed to issue a summons for Defendant David Infantino, complete the USM-285 form with the provided address and with copies of ECF Nos. 25 and 27 attached, and deliver all documents necessary to effect service to the U.S. Marshals Service.

**SO ORDERED.**

Dated:  May 8, 2026
       White Plains, New York

_____
    CATHY SEIBEL, U.S.D.J.

## DEFENDANT AND SERVICE ADDRESS

1. David Infantino
   c/o Department of Corrections and Community Supervision Counsel's Office
   1220 Washington Ave
   Building 4
   Albany, NY 12226