UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
DIVINE FREDERICKS,

Plaintiff,

– against –

A. DEMSCHICK, *et al.*,

Defendants.
----------------------------------------------------------------------x

**ORDER**

No. 25-CV-6846 (CS)

Seibel, J.

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his right under the First Amendment to freely exercise his religion. By order dated August 26, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") – that is, without prepayment of fees.[1] (ECF No. 5.) By order dated September 2, 2025, the Court directed service on Defendants Demschick, Infantino, Pitoniak and Audu. (ECF No. 7.) After Defendants were served, the Attorney General responded to the Complaint on May 22, 2026 by filing a pre-motion letter in anticipation of a motion to dismiss. (ECF No. 32.) The Court held a pre-motion conference on July 8, 2026 at which it granted Plaintiff leave to file an Amended Complaint ("AC"), and set a briefing schedule for the anticipated motion to dismiss. (*See* Minute Entry dated July 8, 2026.) On August 28, 2026, Plaintiff filed an AC that added new Defendants. (ECF Nos. 38, 42.)[2] By letter dated October 5, 2026, the Attorney General requested that the Court (1) conduct screening

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] The AC appears to have been docketed twice at ECF Nos. 38 and 42.

of the AC pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) before directing service on newly identified defendants; (2) stay any prospective *Valentin* order requiring identification of unidentified John Doe defendants until resolution of the screening and motion to dismiss; (3) direct service on newly added named defendants who survive screening; and (4) set a new briefing schedule for the motion to dismiss.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe a *pro se* complaint "liberally with special solicitude and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).[3]

## DISCUSSION

### A. New Defendants

Plaintiff names "John/Jane [Doe] Superintendent," "John/Jane [Doe] First Deputy [Superintendent]," "John/Jane Doe Deputy of Security" in the AC. (*See* AC at 2, 11.)[4] Plaintiff alleges that these Defendants, among others, signed event packets that were used at Green Haven for coordinating religious events and that included a list of approved participants for the event. (*See id.* at 11.)

---

[3] Unless otherwise indicated, case quotations omit internal quotation marks, citations, footnotes and alterations.

[4] Citations to the AC use the page numbers generated by the ECF system.

"To assess a free exercise claim, a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers legitimate penological objectives." *Kravitz v. Purcell*, 87 F.4th 111, 128 (2d Cir. 2023). The plaintiff need only show that there was a burden on their sincerely held religious practice, not that the burden was substantial. *Id.* at 127. For every § 1983 claim, Plaintiff must also allege facts sufficient to demonstrate the personal involvement of a Defendant in the alleged deprivation. *See id.* at 129.

At this stage, the allegations in the AC are insufficient to demonstrate the personal involvement of John/Jane Doe Superintendent, John/Jane Doe First Deputy Superintendent and John/Jane Doe Deputy of Security. "[A] prison supervisor's mere signing of a form [i]s not sufficient personal involvement by that supervisor for a plaintiff to state a cause of action against him or her." *Davis v. Quiros*, No. 19-CV-504, 2021 WL 5051562, at *4 (D. Conn. Nov. 1, 2021). If Plaintiff were included on the list of approved participants for a specific event but denied access on the day of the event, Defendants having signed the packet would not plausibly suggest that those Defendants played any role in such a denial. And if Plaintiff were denied access because he was not on the list, the allegations in the AC do not demonstrate that Defendants were involved in preventing Plaintiff from being on the list. Instead, Plaintiff says that "clerks" submit the event packet "so all staff are aware" of upcoming events, and a staff adviser is "to check and sign before sending it for approval by administration." (AC at 10-11.) The Superintendent, First Deputy Superintendent and Deputy of Security, among others, then sign the packet. (*Id.* at 11.) The packet is supposed to include a list of all members registered to the religious group whose event is occurring, (*id.*), but Plaintiff does not say that the

Superintendent, First Deputy Superintendent and Deputy of Security had any responsibility, or were even in a position, to check the names or know if an inmate is registered to a religion but omitted from the list. Plaintiff says that on December 4, 2023 he was not on the list and could not attend due to "[t]he error" of these Defendants. (*Id.* at 15.) But that does not provide a basis for inferring that these Defendants did anything more than sign a form handed to them by the staff adviser – who Plaintiff alleges was supposed to check the list before sending it up to their supervisors. At this stage, these allegations are insufficient to show these Defendants' personal involvement beyond their "linkage in the prison chain of command." *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). And because the AC includes no additional allegations as to John/Jane Doe First Deputy Superintendent and John/Jane Doe Deputy of Security, any claims against them must be dismissed.

Plaintiff alleges that he sent his grievances about his denied access to religious events to the Superintendent, who in certain instances denied Plaintiff's grievances. (*See, e.g.*, *id.* at 16, 20.) It is well established, however, that receipt or denial of prison grievances is insufficient to demonstrate personal involvement. *See, e.g.*, *K.A. v. City of N.Y.*, No. 18-CV-03858, 2023 WL 6393479, at *8 (S.D.N.Y. Sept. 30, 2023); *McFadden v. Koenigsmann*, No. 18-CV-6684, 2020 WL 2542673, at *4 (W.D.N.Y. May 19, 2020); *Gomez v. Sepiol*, No. 11-CV-1017 2014 WL 1575872, at *7 (W.D.N.Y. Apr. 11, 2014). Thus, any claims against the Superintendent must be dismissed.

Although the AC does not list the "IGRC Supervisor" as a Defendant, Plaintiff includes several allegations that he sent grievances to the IGRC Supervisor. Plaintiff says that the IGRC Supervisor did not respond to some of his grievances, told him to submit a FOIL request related to another, and in one instance attempted to contact Defendant Demschick but could not. (AC at

20-22, 24.) As with the Superintendent, these allegations are insufficient to demonstrate personal involvement in any possible violation of Plaintiff's constitutional rights and therefore any possible claims against the IGRC Supervisor must be dismissed.

The AC also names RPLZ John/Jane Doe as a Defendant, (*id.* at 2), but includes no facts in the body of the AC as to an RPLZ John/Jane Doe. The only references the Court found to RPLZ were to Defendant Pitoniak, (*see id.* at 17, 19), and "RPLZ Kuitula," who allegedly told Plaintiff that the displacement of the location of Santeria religious services would be temporary, (*id.* at 31). Plaintiff does not allege that Kuitula played any role in the decision to displace Santeria services, just that Kuitula informed Plaintiff of the move on an unspecified date. (*See id.*) This allegation is therefore insufficient to demonstrate that Kuitula was personally involved in any possible claims arising out of the displacement of Santeria services. And without additional allegations referring to RPLZ John/Jane Doe, all possible claims against RPLZ John/Jane Doe must be dismissed.

Plaintiff also names John/Jane Doe Lieutenant and John/Jane Doe Sergeant. (*Id.* at 2.) The AC refers to an incident on September 22, 2025 in which Plaintiff says the Lieutenant and Sergeant in E Block informed him sometime between 8:50 a.m. and 9:10 a.m. that "Santeria services would be running" and that the Lieutenant and Sergeant were aware of the Santeria services because they were on the day's callouts. (*Id.* at 21-22.) Plaintiff says that the services were not held that day, however. (*Id.* at 22.) These allegations are insufficient to state a claim against John/Jane Doe Lieutenant and John/Jane Doe Sergeant. Plaintiff does not allege that they were involved in canceling the services, and Plaintiff does not provide any facts sufficient to draw such an inference. Instead, Plaintiff simply says that they told Plaintiff that services would be held that day. The Court did not find any additional references to a John/Jane Doe Lieutenant

or Sergeant in the AC, and therefore any possible claims against John/Jane Doe Lieutenant and John/Jane Doe Sergeant must be dismissed.

The allegations as to Sgt. Boyied, Sgt. Martinez, Sgt. 16 John/Jane Doe, Sgt. 27 John/Jane Doe and John/Jane Doe Watch Commander are sufficient to survive an initial screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff either alleges that each of these Defendants canceled Santeria religious events on specific days or provides facts as to each to infer that they played a role in canceling these events. (*See* AC at 22-23 (allegations as to Sgt. Boyied, Sgt. Martinez, Sgt. 16 and Sgt. 27), 25, 29 (allegations as to John Doe Watch Commander).) These allegations are sufficient at this stage.

**B. *Valentin* Order and Requested Stay**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the AC, Plaintiff supplies sufficient information to permit DOCCS to identify the full names and service addresses of Sgt. Boyied, Sgt. Martinez, Sgt. 16 John/Jane Doe, Sgt. 27 John/Jane Doe and John Doe Watch Commander. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the DOCCS, must ascertain the identity of these Defendants and the address where they may be served.

The Attorney General requests that the Court stay any prospective *Valentin* order arising from this screening of the AC pending the resolution of its anticipated motion to dismiss on behalf of Defendants Demschick, Infantino, Pitoniak and Audu. (*See* ECF No. 43 at 3.) The Attorney General relies on the factors laid out in *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996), for assessing whether a stay is appropriate. *Kappel* involved a request to stay an action pending the resolution of related litigation in another jurisdiction, *see* 914 F. Supp. at

1056, and while the factors are helpful, they are not dispositive – and could cut both ways. For example, Defendants say Plaintiff will not be prejudiced by their request, (ECF No. 43 at 2), but ascertaining the identity of John Doe defendants and serving them can take months, as was the case with serving Defendant Infantino in this case, (*see* ECF Nos. 17, 24, 26). Delay in identifying and serving the new defendants until after a decision on the motion – which has yet to be served or filed – risks presenting Plaintiff with statute of limitations issues down the line. *See generally Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) (discussing relation back requirements for John Doe substitutions in § 1983 lawsuits). Additionally, the Attorney General says this approach will avoid piecemeal litigation, (ECF No. 43 at 3), but even if the new Defendants enter the case after the Court decides the motion to dismiss of the current Defendants, the new Defendants could seek dismissal at that time and rehash many of the same issues relevant to the anticipated motion.

The Attorney General also refers to a similar request that it made in *Greene v. Martuscello*, No. 24-cv-5228 (NSR), ECF Nos. 39-40 (S.D.N.Y. Apr. 15, 2025). In *Greene*, Judge Román granted the Attorney General's request for a stay of the *Valentin* order after the defendants had already served their motion to dismiss. Here, no motion has been filed; the Court has held only a pre-motion conference at which it granted Plaintiff leave to file the AC. And at the pre-motion conference, I explained that Plaintiff may need to include new allegations as to who was involved in his alleged denial of access to religious services.

Thus the Court believes the best course of action is to stay the briefing schedule for the motion to dismiss and order the Attorney General to provide the Court and Plaintiff with the identities and addresses of the Defendants subject to the *Valentin* order within sixty days of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the Doe defendants. The second amended complaint will replace, not supplement, prior complaints. An amended complaint form that Plaintiff should complete will be sent to Plaintiff along with this order. Once Plaintiff has filed a second amended complaint, the Court will issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Doe Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

**CONCLUSION**

The Court dismisses Plaintiff's claims against John/Jane Doe Deputy of Security, John/Jane First Deputy, John/Jane Superintendent, RPLZ John/Jane Doe, John/Jane Doe Lieutenant and John/Jane Doe Sergeant. The Clerk of Court is respectfully directed to terminate those parties as Defendants. The Court postpones the deadline for the submission of Defendants' Motion to Dismiss or Answer to a date that will be set after the Attorney General has complied with the *Valentin* order, Plaintiff has filed a Second Amended Complaint, and the newly named Defendants are served. The Clerk of Court is respectfully directed to mail a copy of this order, along with an amended complaint form, to Plaintiff Divine Fredericks 19A2985, Green Haven Correctional Facility, 594 Route 216, Stormville, NY 12582.

**SO ORDERED.**

Dated: October 7, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.